UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| MARTIN SALDIVAR-TRUJILLO, | ) | CASE NO. 4:08 CV1638 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN JOSEPH GUNJA, | ) | |
| | ) | |
| Respondent. | ) | |

On July 8, 2008, pro se petitioner Martin Saldivar-Trujillo filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Saldivar-Trujillo, who is currently confined at the Northeast Ohio Correctional Center (N.E.O.C.C.), filed this petition against N.E.O.C.C. Warden Joseph Gunja. Petitioner seeks an order from this court granting him pre-sentence custody credit on his federal sentence.

Background

Petitioner asserts he is entitled to credit on his federal sentence "from February 21, 2002 at best or September 11, 2002 until June 5, 2003 pursuant to case law and legal precedent of 18 U.S.C. [§] 3585(b)." (Pet. at 6.) A careful reading of the relevant facts set forth in the petition

reveal that this is essentially the same set of claims proffered by Mr. Saldivar-Trujillo in an earlier case he filed in this court before Judge Sara Lioi on December 19, 2007. See Saldivar-Trujillo v. Gunja, No. 4:07cv3851 (N.D. Ohio 2007).[1] The action was dismissed on the merits by Judge Lioi on March 3, 2008.

## 28 U.S.C. §2244

The principle of res judicata does not apply to habeas petitions. Schlup v. Delo, 513 U.S. 298, 317-19 (1995) ("This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (5th Cir.1981) (same). Congress, however, passed 28 U.S.C. § 2244 to address the bulk of repeated petitions filed by prisoners to various courts in the hopes of obtaining a better result in another court or with another judge. Section 2244 allows a district judge to refuse to entertain a repeat application for the writ by a federal prisoner "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). Thus, claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a). Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990).

Clearly, a district court may dismiss a petition if it appears that a court has previously passed on the legality to the petitioner's detention in a prior habeas petition and no new claim is raised. See Thunder v. U.S. Parole Com'n., No. 05-1296, 2006 WL 281089, at *1 (10th Cir. Feb. 7, 2006)(affirming dismissal of second § 2241 petition and citing George v. Perrill, 62 F.3d 333, 334 (10th Cir.1995)); see also Cofield v. Northeast Ohio Correctional Center, No. 07-1675, 2007 WL 2034283, at *2 (N.D. Ohio July 10, 2007). This is exactly the case herein.

---

[1] A comprehensive recitation of the factual history is set forth in Judge Lioi's opinion.

In his petition before Judge Lioi, Mr. Saldivar-Trujillo asserted he was entitled to credit on his federal sentence from February 20, 2002 until June 4, 2003 in accordance with 18 U.S.C. § 3585(b). There, the court held that

> [P]etitioner is not entitled to federal sentencing credit from February 20, 2002 until June 4, 2003. Under the statute, a prisoner is only permitted credit for that period of time in which he would not otherwise receive credit. In other words, since the state court already provided Mr. Saldivar-Trujillo credit against his state sentence the federal court cannot provide federal sentence credit for that same period of time pursuant to section 3585.

Saldivar-Trujillo, No. 4:07cv3851 (Mem. Op. of 3/4/08, at 6-7.) For the same reasons set forth in Judge Lioi's March 3, 2008 Memorandum of Opinion and Order, petitioner has failed to state a claim for relief.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2244. The court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

S/Peter C. Economus - 9/9/08
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE